---

### In re LITTLEFIELD'S ESTATE.

(Surrogate's Court, New York County. March 12, 1915.)

WILLS ☞680—ESTATE IN TRUST—INCUMBRANCES ON DEVISED PROPERTY—PAYMENT.

A will devised real estate in trust to hold, manage, direct, and control such property, and to collect the income and, after paying the taxes, insurance, and other proper expenses, to apply the remainder of the income to the use of certain persons during their life or until remarriage. The real estate was subject to mortgages. Subsequent paragraphs gave the executor a power of sale, and directed him to pay off all mortgages, taxes, accrued interest, or any other charges existing at the time of the tes-

tator's death against the real property. *Held*, that the duty of paying interest accruing after the testator's death on the mortgages on the real property in question was not imposed on the trustee by the paragraphs devising the property, but was imposed on the executor by the subsequent paragraphs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1594–1598; Dec. Dig. ☞680.]

Proceeding for the construction of the will of Lemuel Littlefield. Will construed.

Murray, Prentice & Howland, of New York City (Robert H. Strahan, of New York City, of counsel), for Equitable Trust Co.

Frost & Nieman, of New York City, for petitioner.

Strasbourger, Eschwege & Schallek, of New York City (Max L. Schallek, of New York City, of counsel), for Frances Littlefield.

FOWLER, S. This is a proceeding for the construction of testator's will under section 2615, C. C. P. By paragraphs 2 and 3 of his will the testator devised to the Equitable Trust Company, as trustee, certain properties at No. 320 West Fourteenth street in trust for Cornelia Garthwaite during her lifetime or until her remarriage, and at No. 318 West Fourteenth street in trust for Frances Littlefield during her lifetime or until her remarriage, with remainders over.

Paragraph 2 of said will is as follows:

"Second, I do hereby give and devise all that certain house and lot of land in the borough of Manhattan, city, county and state of New York, now known as number three hundred and twenty (320) West Fourteenth street, unto the Equitable Trust Company of New York, in trust, nevertheless, and upon the following uses and trust: In trust to hold, manage, direct and control the said real property, and in trust to collect and receive the rents, issues and profits thereof, and after the due payment of any and all taxes, assessments, insurance charges and all other proper charges and expenses, including the expenses of maintaining the said real property in good repair and condition, to apply all the remainder of such income from the said real property unto the use of Cornelia Garthwaite, of the said city of New York, in quarterly payments, during her lifetime or until her remarriage and at her death or remarriage I do hereby give and devise all the said real property absolutely unto my dear brother, Irving E. Littlefield, unto my dear sister, Bertha A. Hayner, and unto my dear niece, Cora Derrick, to be divided among them equally, share and share alike; if any of them at that time be dead, leaving issue them surviving, then it is my will and I do hereby direct that such issue shall have and take absolutely the share or portion which the parent of such issue would have been entitled to if living."

Paragraph 3 of said will is similar in its terms and provisions, except a different beneficiary and different property are named.

The property at No. 318 West Fourteenth street is subject to a mortgage of $10,000, and the property at No. 320 West Fourteenth street is subject to a mortgage of $12,000. These mortgages mature on November 1, 1915. The mortgage interest is payable semiannually on April 1st and October 1st.

The testator died on March 20, 1914. One semiannual interest payment of $495, which accrued after the death of the testator, became due on October 1, 1914. This has not been paid. The question before the surrogate is whether it is the duty of the executor of the said will

or the trustee named therein to pay the mortgage interest on the two mortgages which accrued after the death of the testator.

Paragraph 4 expressly directs, authorizes, and empowers—

"my said executor, hereinafter named, to convert into cash all the rest, residue and remainder of my property and estate, real or personal, not herein specifically disposed of, and all such real property as may come into his possession as such executor, and for such purposes do hereby authorize and empower my said executor to sell at public or private sale, together or in parcels, any and all of real estate or personal property at such time or times and in such manner and for such sum or sums as to him in the exercise of his best judgment and discretion may seem best. * * *

Paragraph 5 of the will reads as follows :·

"Fifth, I do direct my said executor, as speedily as may be practicable, to pay off, satisfy and fully discharge any and all mortgages, taxes, assessments, accrued interest on such mortgages or any other charges that may be existing at the time of my death as against or upon each and both of the aforesaid houses and lots of land in said West Fourteenth street, in the aforesaid Borough of Manhattan, heretofore specifically disposed of in clauses second and third of this my last will and testament."

In my opinion the second and third clauses of the will do not impose on the trustee the duty of discharging the interest accruing after testator's death on the mortgages in question. The fifth clause of the will does, in my opinion, impose such duty on the executor.

Settle decree accordingly.